UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ROY KOCH,                                         )
                                                  )
     PLAINTIFF,                                  )
                                                  )
v.                                                )
                                                  )
PARAMETRIC SOLUTIONS, INC.,                       )
                                                  )
     DEFENDANT.                                  )
_____/

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Now comes the Plaintiff, ROY KOCH and files his Complaint against the Defendant, PARAMETRIC SOLUTIONS, INC. ("PSI") and says:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* (the "FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's interference with Plaintiff's lawful exercise of his rights under the FMLA and retaliation against Plaintiff for exercising his rights under the FMLA, leading to his unlawful termination.

3. This Court has jurisdiction of these claims pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

5. Plaintiff, ROY KOCH, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida.

6. Defendant, PSI, is a Florida corporation with its principal place of business in Jupiter, Florida.

7. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. Plaintiff was employed by Defendant for over two years, from approximately May of 2014 through approximately June 26, 2016.

10. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of his position.

11. Plaintiff was a full-time employee who regularly worked 40 hours per week.

12. On or about June 10, 2016 Plaintiff requested leave for surgery and recovery, related to his own serious health condition.

13. Defendant's human resources department instructed Plaintiff to contact a third-party insurer who handles its short-term disability policies.

14. Defendant never advised Plaintiff of his rights under the FMLA.

15. On June 11, 2016 Plaintiff contacted the third-party insurer and requested short-term disability forms to be completed by him and his physician.

16. On June 26, 2016 Plaintiff's employment was involuntarily terminated without reason.

17. Defendant unlawfully interfered with Plaintiff's rights under the FMLA and terminated Plaintiff in retaliation for Plaintiff's attempt to exercise his rights under the FMLA.

18. Plaintiff has been damaged by Defendant's illegal conduct.

19. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count 1: FMLA Retaliation

20. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-19, above.

21. Plaintiff was an employee eligible for protected leave under the FMLA.

22. Defendant is and was an employer as defined by the FMLA.

23. Plaintiff exercised or attempted to exercise his rights under the FMLA.

24. Defendant retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

25. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

26. Plaintiff was injured due to Defendant's willful violations of the FMLA, for which he is entitled to legal relief.

## Count 2: FMLA Interference

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-19, above.

28. Plaintiff was an employee eligible for protected leave under the FMLA.

29. Defendant is and was an employer as defined by the FMLA.

30. Plaintiff exercised or attempted to exercise his rights under the FMLA.

31. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

32. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

33. Plaintiff was injured due to Defendant's willful violations of the FMLA, for which he is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

*/s/Amanda Ellen B. Clay, Esq.*
Amanda Ellen B. Clay, Esq.
Fla. Bar No. 28808
**Spielberger Law Group**
202 S. Hoover Blvd.

Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Amanda.Clay@spielbergerlawgroup.com
*Counsel for Plaintiff*